UNITED POWER PRESS CO. (BOOMER v.). See Case No. 1,638.

## Case No. 14,411.

### Ex parte UNITED STATES.

[1 Gall. 338.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1812.

JUDGES—DISABILITY— CERTIFIED CAUSES—DEATH.

Under the act of March 2, 1809, c. 94 [2 Story's Laws, 1121; 2 Stat. 534, c. 27], if the disability of the district judge terminates in his death, the circuit court must remand the certified causes to the district court.

In consequence of the extreme indisposition of the Honorable David L. Barnes, district judge of Rhode Island district, an application was made by the district attorney to STORY, Circuit Justice, for an order in the nature of a certiorari, to remove the suits and proceedings pending in the district court into the circuit court at this term, pursuant to the act of March 2, 1809, c. 94 [2 Story's Laws, 1121; 2 Stat. 534, c. 27]. The certiorari was granted accordingly, and, at the commencement of the term, due return thereof was made by the clerk of the district court, and all the suits and proceedings were ordered to be entered. After the issuing of the order, and before the commencement of the term, Judge Barnes died. A question was thereupon made, as to what disposition should be made of the suits and proceedings so certified—and as being a question of general interest, it was spoken to by several members of the bar. It is unnecessary to state the arguments for and against the jurisdiction of the court, as they are summed up in the opinion of the court.

STORY, Circuit Justice. The act of March 2, 1809, c. 94 [2 Story's Laws, 1121; 2 Stat. 534, c. 27], provides for a removal of all actions from the district court to this court, "in case of the disability of the district judge of either of the districts of the United States to hold a district court, and to perform the duties of his office;" and further directs, that during the disability of the district judge all

[1] [Reported by John Gallison, Esq.]

subsequent actions brought to the district court from time to time shall be certified into the circuit court, and "that when the disability of the district judge shall cease or be removed. all suits and actions then pending and undetermined in the circuit court, in which by law the district courts have an exclusive original cognizance, shall be removed," &c. By the same act, the circuit court, during such disability, is invested with all the original jurisdiction of the district court, as to certified causes; and the judge of the supreme court is also invested with all the powers and authority vested by law in the district judge: and the district clerk is authorized, with the leave of the circuit judge, to make interlocutory orders. &c. in causes of admiralty and maritime jurisdiction.

It has been argued, that when causes are once certified into the circuit court, that court is bound to proceed to hear and determine them, unless "the disability of the district judge shall cease or be removed," and that in the present case, so far from having ceased, the disability has become permanent by death; and that even if a new district judge had been appointed. such certified causes must still receive their decision here, because the case, in which they are to be remanded, would not have happened. I cannot accede to this reasoning. If it were well founded, it would follow, that the new district judge would be completely ousted of his jurisdiction, or at least the circuit court would have acquired a permanent concurrent jurisdiction. The same disability is intended in all the provisions of the statute, and consequently on the death of the district judge, the disability having become permanent. the causes would be certified from time to time into the circuit court, who would thereby possess itself of all the causes in the district court. Surely such a construction could never be contended for. The language of the statute evidently supposes a district judge in existence, to whom the causes may be remanded. It does not direct a certiorari on his death, but on his disability. It does not suppose a vacancy. but an incumbency in the office. It might as well be contended, that a deceased judge was entitled to salary, inasmuch as his death was only a permanent disability: and certainly, in a case of ordinary disability, there can be no doubt that he is so entitled. for he holds his office during good behavior. The meaning of the statute must be, that while there is a judge in office, who is disabled to hold a court, his duties shall be performed by the circuit court during the disability. With his death the disability ceases; a vacancy ensues in the office, and a new appointment awakens in full vigor the powers of the district court. The very case of the death of a district judge is provided for by the act of September 24, 1789, c. 20, § 6 [1 Stat. 76]. I have no doubt, therefore, that this court is bound to remand the certified causes to the district court for a hearing and determination.

Perhaps it might have been convenient to all parties. that the legislature should have made provision as to certified causes, which would have prevented delay, and enabled this court to have pronounced a final decision. I am aware, that the ultimate decisions must now be postponed at least six months, and probably longer. But I bow to the legislative will, and should not lightly interpose my private judgment as to public inconveniences. In order to obviate all improper inferences, I wish it to be understood, that although I am well satisfied, that the legislature may at will give or take away the jurisdiction of the circuit and district courts; yet I entertain extreme doubts, whether the legislature can constitutionally impose upon a judge of the supreme court of the United States, the authority or duty to hold the district court. There is a great difference between giving new jurisdiction to a court, of which such a judge is a member, and appointing him pro hac vice to a new office. And I do not perceive any sound distinction between an appointment to a new office. and an appointment to perform the duties of another office, while it remains a separate and distinct office. Many reasons might be offered to support this opinion; but as the occasion does not require them, I have only intimated my present opinion, with a view that my silence should not be construed into acquiescence. The duties before me were such as I most cheerfully would have performed. and correctly construed perhaps. There is nothing in the statute under consideration. which may not fairly be warranted by the constitution. Causes remanded.